UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. CR408-002 |
| ) | |
| JEROME COAST, JR., a.k.a. DAVID ) | |
| GREEN, "HOT BOY," ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Jerome Coast, who is charged with unlawful possession of a firearm and ammunition by a convicted felon, has filed a motion to suppress evidence seized during his arrest. (Doc. 10.) The Court held a hearing on this matter, at which time the government offered testimony from Detective Rufus Brown of the Savannah Chatham Metropolitan Police Department. Coast did not testify. For the following reasons, his motion to suppress should be **DENIED.**

During the first week of June 2007, Savannah police officers investigating a shooting in the area of 61st Street and Martin

Luther King Drive interviewed the victim, who informed them that he had been shot by a light-skinned black male known as "Hot Boy." The victim related that the man had a tattoo bearing the "Hot Boy" alias on his arm. The next day an informant called Det. Brown and told him that the man known as Hot Boy was currently on the back porch of 620 West Orchard Street. The informant, who had proven to be reliable in the past, provided a description of Hot Boy's physique and clothing. Within twenty minutes, Det. Brown along with a half dozen other officers arrived at the home. As Brown walked around to the back porch, he made eye contact with Coast. Coast immediately jumped off the porch and took flight, ignoring Brown's command that he stop. While Coast was negotiating a fence, he dropped a pistol magazine on the ground. After circling 624 West Orchard, Coast ran into one of the officers, who caught and tackled him. As officers were handcuffing Coast, they seized a pistol located in his right rear waistband.

Coast argues that "the officers lacked any information which would have led them to believe" that he was involved in criminal activity, and therefore they had no reasonable suspicion to justify

his seizure. (Doc. 10 at 2.) This argument is utterly meritless. The unrebutted testimony of Det. Brown establishes that the police had *probable cause*, not simply reasonable suspicion, to believe that Coast had recently shot someone on the streets of Savannah. The victim described the shooter in detail and provided his street name, "Hot Boy," to the police. Det. Brown then received a tip from a reliable informant alerting him that the man known as "Hot Boy" was on the back porch of 620 West Orchard Street. The informant provided police with a physical description of Hot Boy that matched that given by the victim. Once police arrived at the house, a man matching that description saw them and immediately took flight. Considering the totality of the circumstances, the officers *at that point* had probable cause to believe that defendant had engaged in criminal activity, thus entitling them to effect his warrantless arrest. Michigan v. DeFillippo, 443 U.S. 31, 36 (1979) ("the Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense"); United States v. Gonzalez, 969 F.3d 999, 1002 (11th Cir. 1992) ("Probable cause to

arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."). Here, the eyewitness identification by the crime victim, supported by a detailed physical description that was corroborated by the informant, was sufficient to establish a reasonable belief that Coast had committed a felony.

But even if probable cause was lacking when the officers first approached, they certainly had a reasonable suspicion of defendant's involvement in criminal activity sufficient to justify an investigatory seizure. Terry v. Ohio, 392 U.S. 1, 30 (1968) (noting that an officer may conduct a brief, investigatory stop when he has a reasonable, articulable suspicion that criminal activity is afoot). Defendant's headlong flight upon sighting the approaching officers only served to increase the officers' suspicions and furnished additional, independent grounds for a Terry stop. Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (suspect's flight from officers in a high crime area furnished reasonable suspicion for an investigatory stop); United States v. Franklin, 323 F.3d 1298, 1301-

1302 (11th Cir. 2003) ("flight is a relevant consideration for a finding of reasonable suspicion").[1] And when he dropped a pistol magazine during the foot chase, (which was necessarily prior to his "seizure," id. at 1301), the reasonableness of the officers' suspicions that Coast was engaged in criminal activity advanced in a different direction, for now they had reasonable grounds to believe that Coast was then in possession of a concealed weapon. Once Coast was lawfully seized and found to be in possession of a firearm, his warrantless arrest was perfectly justified.

Coast has failed to establish any grounds for suppression of evidence in this case; therefore his motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 22 day of May, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] While there was no testimony that the flight occurred in a high crime area, Wardlow noted that "[h]eadlong flight – *wherever it occurs* – is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." 528 U.S. at 124 (emphasis added). Furthermore, because the police already possessed reasonable grounds to suspect that defendant had perpetrated an aggravated assault, his flight at their approach was even more suggestive of criminal activity than the flight in a high crime area of a person the police have no prior knowledge about (which was the situation in Wardlow).

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CR408-002 |
| | ) | |
| JEROME COAST, JR., a.k.a. DAVID GREEN, "HOT BOY," | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2008.

**WILLIAM T. MOORE, JR., CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. CR408-002 |
| ) | |
| JEROME COAST, JR., a.k.a. DAVID ) | |
| GREEN, "HOT BOY," ) | |
| ) | |
| Defendant. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA