IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,       )
                                )
v.                              )       CASE NO. CR408-002
                                )
JEROME COAST, JR.,              )
                                )
        Defendant.              )
                                )

## O R D E R

Before the Court is Defendant Jerome Coast, Jr.'s Motion for
Reduction of Sentence under 18 U.S.C. § 3582(c)(2).[1] (Doc. 50.)
Defendant filed his motion on June 9, 2011. (Id.) For some reason,
by error in the United States District Court Clerk's office,
Defendant's motion was never called to the Court's attention. On
July 29, 2021, the motion was called to the attention of the Court
and therefore the Court will now consider Defendant's motion.

In August 2008, Defendant pleaded guilty to possession of a
firearm and ammunition by a convicted felon in violation of 18
U.S.C. § 922(g)(1). (Doc. 21.) Defendant was sentenced to 70
months' imprisonment, to be followed by three years' supervised

---

[1] Defendant originally labeled his motion as one under 28 U.S.C.
§ 2241, however, the Magistrate Judge directed that his motion be
relabeled as a motion under 18 U.S.C. § 3582(c)(2). (Doc. 50,
Attach. 1 at 1.) Accordingly, the Court will consider Defendant's
motion under § 3582(c)(2). See Castro v. United States, 540 U.S.
375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003) ("Federal
courts sometimes will ignore the legal label that a pro se litigant
attaches to a motion and recharacterize the motion in order to
place it within a different legal category.").

release. (Doc. 26 at 2.) Defendant was released from federal custody in December 2013. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 2, 2021). In April 2014, however, Defendant violated the terms of his supervised release by committing state offenses of murder and possession of a firearm by a convicted felon in Chatham County, Georgia.[2] (Doc. 56.) Defendant is presently incarcerated in the Georgia penal system, serving a term of life imprisonment without parole for those state offenses.

Under 18 U.S.C. § 3582(c)(2), "[a] district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Williams, 668 F. App'x 872, 873 (11th Cir. 2016). In his motion, Defendant requests a sentence reduction of his federal sentence based upon a change to the United States Sentencing Guidelines. (Doc. 50 at 2.) Specifically, Defendant argues that he is entitled to a sentence reduction based on Amendment 742 to the United States Sentencing Guidelines. (Id.)

Amendment 742 eliminated § 4A1.1(e) of the Guidelines, which added two criminal history points "if a defendant had engaged in

_____

[2] An arrest warrant has been issued in the instant case and lodged as a detainer against Defendant's release from state custody. (Doc. 56.)

criminal conduct less than two years after being released from confinement on another sentence." United States v. Vickers, Nos. 5:09cr30/RS-CJK, 5:11cv253/RS-CJK, 2014 WL 1410452, at *6 (N.D. Fla. Apr. 11, 2014). Amendment 742 went into effect on November 1, 2010, after Defendant was sentenced, and has not been made retroactive. Id.; U.S.S.G. § 1B1.10(d); Williams, 668 F. App'x at 873 ("Amendment 742 was not given retroactive effect."). Accordingly, Amendment 742 is not applicable to Defendant's case and he "cannot receive relief under § 3582(c)(2) based on this amendment." Williams, 668 F. App'x at 873; Vickers, 2014 WL 1410452, at *6. As a result, Defendant's motion (Doc. 50) is **DISMISSED**.[3]

SO ORDERED this  _3ᴿᴰ_  day of August 2021.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Defendant also requests that the Court appoint him counsel. (Doc. 50 at 2.) The Magistrate Judge, in his order directing Defendant's motion to be labeled as a § 3582(c)(2) motion and refiled in Defendant's criminal case, denied Defendant's request for counsel. (Doc. 50, Attach. 1 at 2.)